**THE URBAN LAW FIRM**
MICHAEL A. URBAN, Nevada State Bar No. 3875
NATHAN R. RING, Nevada State Bar No. 12078
4270 S. Decatur Blvd., Suite A-9
Las Vegas, Nevada 89103
Telephone: (702) 968-8087
Facsimile: (702) 968-8088
Electronic Mail:  murban@theurbanlawfirm.com
　　　　　　　　 nring@theurbanlawfirm.com
*Counsel for Plaintiffs Laborers Joint Trust Funds*

### UNITED STATES DISTRICT COURT

### DISTRICT OF NEVADA

| | |
|---|---|
| THE BOARD OF TRUSTEES OF THE CONSTRUCTION INDUSTRY AND LABORERS HEALTH AND WELFARE TRUST; THE BOARD OF TRUSTEES OF THE CONSTRUCTION INDUSTRY AND LABORERS JOINT PENSION TRUST; THE BOARD OF TRUSTEES OF THE CONSTRUCTION INDUSTRY AND LABORERS VACATION TRUST; THE BOARD OF TRUSTEES OF SOUTHERN NEVADA LABORERS LOCAL 872 TRAINING TRUST,<br><br>　　　　　　　　Plaintiffs,<br><br>vs.<br><br>THOR CONSTRUCTION, INC., a Foreign corporation,<br><br>　　　　　　　　Defendant. | CASE NO:<br><br><br><br>**COMPLAINT FOR BREACH OF CONTRACT AND BREACH OF ERISA**<br><br>**[29 U.S.C. § 185(a) and § 1132(e)]** |

Plaintiffs, jointly and severally, complain and allege as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this case pursuant to Section 502(e)(1) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1132(e)(1), which grants the United States District Courts exclusive jurisdiction over civil actions brought by a fiduciary pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), to redress violations or enforce the terms of ERISA or an employee benefit plan governed by ERISA. Such jurisdiction exists without respect to the amount in controversy or the citizenship of the parties, as provided in Section 502(f) of ERISA, 29 U.S.C. § 1132(f).

1

2. This Court has jurisdiction of this case pursuant to Section 301(a) of the Labor Management Relations Act of 1947, as amended ("LMRA"), 29 U.S.C. §185(a), which grants the United States District Courts original jurisdiction over suits for violation of contracts between an employer and a labor organization in an industry affecting commerce, without respect to the amount in controversy and the citizenship of the parties.

3. Venue is proper in this Court pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), and Section 301(a) of the LMRA, 29 U.S.C. §185(a), in that this is the district in which the Trusts (defined below) are administered, the signatory union maintains its offices, and where the relevant acts took place.

4. To the extent this Complaint sets forth any claims based upon state law, this Court holds supplemental jurisdiction over those claims pursuant to 28 U.S.C. §1367(a).

**PARTIES**

5. Plaintiffs are THE BOARD OF TRUSTEES OF THE CONSTRUCTION INDUSTRY AND LABORERS HEALTH AND WELFARE TRUST; THE BOARD OF TRUSTEES OF THE CONSTRUCTION INDUSTRY AND LABORERS JOINT PENSION TRUST; THE BOARD OF TRUSTEES OF THE CONSTRUCTION INDUSTRY AND LABORERS VACATION TRUST; THE BOARD OF TRUSTEES OF SOUTHERN NEVADA LABORERS LOCAL 872 TRAINING TRUST (collectively hereinafter "Trusts" or "Plaintiffs").

6. Plaintiffs as trustees of the Trusts are "fiduciar[ies]" with respect to the Trusts as defined in § 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A).

7. At all times material to this Complaint, Defendant THOR CONSTRUCTION, INC., (hereinafter "THOR"), has been a corporation organized and existing by virtue of the laws of the State of Minnesota and authorized to conduct business in the State of Nevada.

**GENERAL ALLEGATIONS**

8. At all times material to this Complaint, there was in effect a collective bargaining agreement ("CBA") between the Laborers International Union of North America, Local 872 ("Local 872") and THOR. The CBA incorporates by reference the Master Labor Agreement between Local

872 and Contractors Associations and the Trust Agreements establishing the Plaintiff Trust Funds. The CBA names the Trust Funds as third-party beneficiaries of that agreement.

9. THOR is an employer whose employees perform work covered under the CBA. Pursuant to the CBA, THOR agreed to abide by the Trust Agreements, which establish and govern the operation of the Plaintiff Trusts.

10. THOR is an "employer," as that term is defined in the CBA and related Trust Agreements.

11. THOR is an "employer" as defined and used in Section 3(5) of ERISA, as codified at 29 U.S.C. § 1002(5), and therefore, THOR is "obligated to make contributions to a multi-employer plan" within the meaning of Section 515 of ERISA, as codified at 29 U.S.C. § 1145. Plaintiffs allege that THOR is an "employer" engaged in "commerce" in an "industry affecting commerce," as those terms are defined and used in Section 501(1) and Section 501(3) of the LMRA, as codified at 29 U.S.C. § 142(1) and § 142(3), and within the meaning and use of Section 301(a) of the LMRA, 29 U.S.C. § 185(a).

12. Plaintiffs are informed and believe, and thereon allege, that at all times material herein THOR has been a corporation organized and existing by virtue of the laws of the State of Minnesota and authorized to conduct business in the State of Nevada.

**FIRST CLAIM FOR RELIEF**
**Breach of Written Collective Bargaining**
**Agreement and Related Trust Agreements – THOR**

13. Plaintiffs repeat and reallege the allegations contained in the foregoing paragraphs 1 through 12, inclusive, as though fully set forth herein.

14. At all times material to this Complaint, there was in effect a collective bargaining agreement ("CBA") between Local 872 and THOR. The CBA incorporates by reference the Trust Agreements establishing the Trusts.

15. THOR is an employer whose employees performed work covered under the CBA between THOR and Local 872. Pursuant to the CBA, THOR agreed to abide by the Trust Agreements, which establish and govern the operation of the Trusts.

16. By the terms and provisions of the CBA, and related Trust Agreements, and at all times material herein, Defendant THOR was obligated to the following:

    16.1 Defendant THOR was obligated to prepare and submit true, complete and accurate written monthly contribution reports to the Trusts on a timely basis showing i) the identities of employees performing work covered by the CBA, ii) the number of hours worked by or paid to these employees, iii) the rates of pay, iv) character of hours worked (e.g., straight time, over-time, etc.), and v) based upon the hours worked or amounts paid to employees, the proper calculation of the fringe benefit contributions, benefits and/or withholdings attributable to its employees. These monthly contribution reports are due on the 10th day of each successive month;

    16.2 Defendant THOR was required to maintain adequate records of work performed by and amounts paid to its employees. THOR was obligated to permit the Trusts and their agents to conduct audits of THOR's payroll and related records in order to determine whether or not fringe benefit contributions were properly paid pursuant to the CBA and Trust Agreements;

    16.3 Defendant THOR was obligated to properly pay fringe benefit contributions to the Trusts. Benefits and/or other withholdings were to be made on a monthly basis, and at specified rates for each hour worked by or paid to applicable employees; these amounts are due and payable at the Trusts' administrative offices.

17. Since approximately February 1, 2019, the Trusts' auditors have attempted to obtain Thor's compliance with an audit.

18. On or about March 18, 2019, Plaintiffs, through their counsel, demanded THOR provide payroll and related records of THOR beginning from the time period of January 1, 2018 through February 28, 2019.

19. To date, THOR has failed and refused to provide any of the requested payroll or related records.

20. Due to THOR's refusal to permit an audit, the exact amount of contributions and/or contract damages due and owing have not been ascertained at this time. These amounts, if any exist, will be established by proof at trial herein or through dispositive motion following completion of an audit. THOR's refusal to produce all requested documents is a breach of the CBA and Trust Agreements.

21. Thor's refusal to produce documents for audit also a breach of ERISA.

22. Thor has failed to submit its January and February 2019 contribution reports to the Trust Funds, which is also a violation of the CBA and Trust Agreements.

23. Pursuant to the terms of the CBA and Trust Agreements, THOR also promised that, in the event of any delinquency, it would pay any legal and auditing costs in connection with such delinquency, whether incurred before or after litigation commenced.

24. It has been necessary for the Trusts to engage The Urban Law Firm for the purpose of obtaining the payroll and related records of THOR to complete the audit, collect any and all amounts due, and to otherwise enforce the terms of the CBA and Trust Agreements.

25. Pursuant to the CBA, Trust Agreements, and 29 U.S.C. §1132(g)(2), the Trusts are entitled to an award of their reasonable attorney's fees incurred to enforce the same, even if no delinquency is discovered by the audit.

26. Pursuant to 29 U.S.C. §1132(g)(2), THOR owes to the Trusts interest, at the contractual rate, on any and all unpaid contributions and liquidated damages from the dates the sums were originally due to the Trusts through the date of judgment.

**WHEREFORE**, the Trusts pray for judgment against THOR, as follows:

1. For an order compelling THOR to submit to and cooperate with the audit of their books, documents, and other things by the Trusts duly appointed representative;

2. For unpaid fringe benefit contributions if any, in amounts as proven;

3. For damages for breach of contract in amounts if any, as proven;

4. For liquidated damages in amounts if any, as proven;

5. For audit expenses if any, in amounts as proven;

6. For interest at the agreed upon contractual rate on all fringe benefit contributions and/or damages if any, until paid in full;

7. For the Trusts' reasonable attorney's fees;

8. For the Trusts' costs of suit incurred herein; and

9. For such additional relief as this Court deems just and proper.

Dated:  March 29, 2019             **THE URBAN LAW FIRM**

*/s/ Nathan R. Ring*
MICHAEL A. URBAN, Nevada Bar No. 3875
NATHAN R. RING, Nevada State Bar No. 12078
4270 S. Decatur Blvd., Suite A-9
Las Vegas, Nevada 89103
Telephone: (702) 968-8087
Facsimile: (702) 968-8088
Electronic Mail:  murban@theurbanlawfirm.com
                 nring@theurbanlawfirm.com
***Counsel for Plaintiffs Laborers Joint Trust Fund***